UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHLYNN KIRKPATRICK,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO POLICE,<br><br>　　　　　　　　　　Defendant. | Case No.: 23-cv-762-GPC-KSC<br><br>**ORDER**<br>**(1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;**<br>**[ECF No. 2]**<br>**(2) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM;**<br>**(3) DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br>**[ECF No. 3]** |

　　　　Plaintiff Shlynn Kirkpatrick, proceeding pro se, filed a complaint against Defendant San Diego Police. ECF No. 1. Kirkpatrick also filed an application to proceed *in forma pauperis* ("IFP"), ECF No. 2, and a request for appointment of counsel, ECF No. 3. Based on the reasoning below, the Court DENIES Plaintiff's motion to proceed *in forma pauperis*; DENIES Plaintiff's motion for appointment of counsel, and sua sponte DISMISSES the action for failure to state a claim. The Court GRANTS Plaintiff leave to amend their complaint, motion to proceed IFP, and request for appointment of counsel.

A.     **Motion To Proceed** *In Forma Pauperis*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except on application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to section 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating their inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (demonstrating the statute's applicability to non-prisoner plaintiffs). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234; *accord Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "[T]he Court may, in its discretion, impose a partial filing fee which is less than the full filing fee that is required by law, but which is commensurate with the applicant's ability to pay." Civ. L. R. 3.2.e.

Here, Kirkpatrick submitted an incomplete IFP application. Regarding monthly income, Kirkpatrick first records an average monthly income of $2,300 during the past twelve months, stemming entirely from employment. ECF No. 2 at 1–2.[2] However, Kirkpatrick then lists only one employer in the section for employment history, from whom Kirkpatrick purportedly receives a gross monthly pay of $1,200. *Id.* at 1–2.

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

[2] Page numbers are based on the CM/ECF pagination.

Kirkpatrick did not complete the other eleven rows of possible income sources.[3] Kirkpatrick stated that there is roughly $1,000 in their checking account. *Id*. at 2. Kirkpatrick left the asset and expense portions of the IFP application blank. *Id*. at 3–4. However, Kirkpatrick reported a monthly living expense of $300 to $400 dollars in their Affidavit in support of their request for Counsel.[4] ECF No. 3 at 6. In the same Affidavit, Kirkpatrick indicated that they owed $5300 in debts, but did not indicate whether they are making monthly payments to satisfy those debts. ECF No. 3 at 6. Kirkpatrick additionally states that they cannot pay the cost of the proceeding because they are "not liable/the victim." ECF No. 2 at 5.

Kirkpatrick's IFP application is incomplete and inconclusive. Kirkpatrick's filings offer several conflicting statements and omissions regarding their finances: (1) their reported average monthly income for the past 12 months is $2300, and yet their only listed employment for the past two years began in February 2023 with a gross pay of $1200 per month, ECF No. 2 at 1–2; and (2) despite leaving the monthly expenses section on the IFP application entirely blank, *id.* at 4, Kirkpatrick's Request for Counsel affidavit suggests that their living expenses range from $300 to $400 per month, ECF No. 3 at 6. Taking Kirkpatrick's lowest reported monthly salary and highest reported monthly expenses suggests that their monthly income exceeds monthly expenses by at least $800.[5] This suggests that Kirkpatrick could afford at least a partial filing fee without risking the ability to afford the necessities of life. *See Escobedo*, 787 F.3d at 1235. Kirkpatrick's explanation that as a non-liable victim they cannot pay the filing fee does not offer any additional relevant information for the Court to evaluate their ability to

---

[3] The application to proceed IFP instructs the plaintiff to "[c]omplete all questions in this application" and to "not leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." ECF No. 2 at 1.

[4] This monetary estimation is followed by a list which reads: "insurance (car), gas, etc." ECF No. 3 at 6. It is unclear if Kirkpatrick intended for this list to explain where the estimated amount of money was used, or to be considered in addition to the estimated monthly living expenses.

[5] The lowest reported gross monthly pay from employment ($1,200) minus the upper end of estimated monthly expenses ($400) = $800, *see* ECF No. 2 at 2; ECF No. 3 at 6.

pay the filing fee.

Because Kirkpatrick did not properly complete the IFP application and because the information they provided suggests they could pay at least a partial filing fee, Kirkpatrick's application to proceed *in forma pauperis* is DENIED with leave to amend. If Kirkpatrick intends to proceed in this matter, they should either pay the filing fee in its entirety *or* submit a new—and complete—IFP application within **30 days** of the date of this Order.

**B.   Sua Sponte Dismissal Pursuant To 28 U.S.C. § 1915(e)(2)**

**1.   Legal standards**

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "(i) frivolous, or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Under Federal Rule of Civil Procedure ("Rule") 8(a), "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim . . . [and] a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). A complaint should "set[] forth who is being sued, for what relief, and on what theory." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996); *see also Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) ("To comply with Rule 8 each plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case . . . .").

The federal court is one of limited jurisdiction and the burden rests on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The federal court possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The court is

constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998); *see Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002)). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence . . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . . and is between . . . citizens of different states, or citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)-(2).

Courts "liberally construe[]" pro se claims, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and hold them to "less stringent standards than formal pleadings drafted by lawyers," *id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "This rule is particularly important in civil rights cases." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

**2.  Discussion**

Kirkpatrick's complaint appears to concern a cyber security breach on their

personal devices.  The complaint alleges that there had been "13 accounts of breaching online and account information, and uploading photos to [their] iCloud." ECF No. 1 at 2. Kirkpatrick's Instagram account allegedly has been "hacked and a photo got deleted." *Id.* The complaint further alleges that some passwords have been changed and "photos have been viewed." *Id.*  Kirkpatrick alleges that at least some portion of these events occurred via their iPhone. *Id.*  Kirkpatrick alleges that these events were "traumatizing" and that "[e]verything can be viewed." *Id.*  The complaint does not name any defendant, does not specify who may be responsible, and does not explain how these events give rise to a cause of action.[6] *See id.*  Kirkpatrick left the entire "relief you request" portion of the complaint blank.[7] *Id.* at 3.

     Kirkpatrick's complaint does not sufficiently allege a cause of action upon which relief may be granted. The Court finds that Kirkpatrick's complaint does not sufficiently explain how Defendant San Diego Police is involved, what the defendant did, and what relief Kirkpatrick seeks.  As pled, Kirkpatrick's claim does not satisfy the pleading standard under Rule 8 of the Federal Rules of Civil Procedure.  Furthermore, it is unclear whether the Court has subject matter jurisdiction over this action. *See* 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1332 (diversity jurisdiction).  Kirkpatrick has not provided any information suggesting that there is a diversity of citizenship between the parties, and because they did not demand any relief, there exists no amount in controversy.  Neither does Kirkpatrick point to any constitutional provisions or federal statutes that would implicate a federal question.  Accordingly, Kirkpatrick's complaint is DISMISSED with leave to amend.  If Kirkpatrick intends to proceed in this matter, they should submit an amended complaint within <u>30 days</u> of the date of this Order.  The amended complaint should clearly explain what the defendant did to give rise to this

---

[6] The Pro Se Complaint form instructs that a plaintiff should: "[d]escribe how each defendant is involved, and tell what each defendant did to you that caused you to file this suit against them." ECF No. 1 at 1.

[7] The Pro Se Complaint form instructs that a plaintiff should: "[s]tate exactly what you want the court to do for you." ECF No. 1 at 3.

claim and what relief is requested.

## C. Request For Appointment Of Counsel

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resol. Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). However, under 28 U.S.C. § 1915(e)(1), courts are afforded discretion to appoint counsel for "any person unable to afford counsel." 28 U.S.C.A. § 1915(e)(1). The appointment of counsel requires "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *accord Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' " *Terrell*, 935 F.2d at 1017 (quoting *Wilborn*, 789 F.2d at 1331). Neither factor "is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn*, 789 F.2d at 1331). Indigent plaintiffs are required to "make a reasonably diligent effort to secure counsel as a prerequisite to the court's appointing counsel for them." *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993); *accord Skelly v. U.S. Dep't of Educ.*, No. 19-cv-1812-GPC-BLM, 2019 WL 6840398, at *5 (S.D. Cal. Dec. 16, 2019)

Here, Kirkpatrick left most of the application for counsel blank. *See* ECF No. 3 at 1–3. Kirkpatrick does not list any attorney they contacted, nor do they offer any explanation for why assistance from counsel is needed. *Id.* at 2–3.

Kirkpatrick's Request for Appointment of Counsel application is incomplete and inconclusive. As discussed above, the Court finds that Kirkpatrick's financial circumstance does not clearly establish their indigency. *See* ECF No. 2, at 1–5; ECF No. 3 at 4–6. Moreover, Kirkpatrick does not meet their burden of using reasonable diligence to secure counsel. *See* ECF No. 3 at 2. Due to the incomplete application and complaint, it is unclear whether Kirkpatrick's circumstances are "exceptional" such that there is a likelihood of success on the merits and that counsel would be necessary to help Kirkpatrick articulate their claims. *See, e.g., Cavazos v. Garilaso*, No. 3:21-cv-01156-

JAH-LR, 2023 WL 2702565, at *1 (S.D. Cal. Mar. 29, 2023) (denying counsel appointment despite claimant's "poor mental health, . . . limited library access, and limited time to prepare . . . case"); *Skelly*, 2019 WL 6840398, at *5 (denying counsel appointment despite plaintiff receiving IFP and demonstrating reasonably diligent effort to obtain counsel). Furthermore, as discussed above, Kirkpatrick's cause or causes of action are unclear and thus the Court cannot fully evaluate the complexity of the legal issues involved nor the likelihood of success on the merits. Accordingly, the Court concludes the circumstances do not support appointment of counsel at this stage of the proceedings. Kirkpatrick's request for appointment of counsel is DENIED.

### D. Leave To Amend

District courts "should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)).

The Court GRANTS Kirkpatrick LEAVE TO AMEND their motion to proceed *in forma pauperis*, their Complaint, and their request for appointment of counsel. If Kirkpatrick would like to proceed in this matter, they must file an amended complaint within **30 days** of the date of this Order. The Amended Complaint must be complete by itself without reference to their previous pleading. *See* Civ. L. Rule 15.1(a). The amended complaint should clearly state the causes of action upon which Kirkpatrick's claims are based—e.g. any statutory or constitutional violation—and by what means—federal question or diversity of citizenship—the Court has subject matter jurisdiction over this proceeding. Any amended complaint must be accompanied either by the $402 filing fee or a completed, amended IFP application addressing the deficiencies discussed above.

If Kirkpatrick fails to timely amend, the Court will enter a final Order dismissing the entire action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

### E. Conclusion

For the reasons explained above, the Court DENIES Kirkpatrick's request to proceed *in forma pauperis*; sua sponte dismisses their complaint for failure to state a claim upon which relief may be granted; and DENIES their request for appointment of counsel. The Court GRANTS Kirkpatrick leave to amend their motion to proceed *in forma pauperis*, their Complaint, and their request for appointment of counsel within **30 days** of the date of this Order.

**IT IS SO ORDERED.**

Dated: May 30, 2023

Hon. Gonzalo P. Curiel
United States District Judge